F I L E D
**United States Court of Appeals
Tenth Circuit**

**May 23, 2007**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SPENCER MOSS,

Plaintiff-Appellant,

v.

LEA ANN CHRONES, Warden;
JEANNE WOODFORD, Director
CDC; B. LACKEY, Officer,

Defendants-Appellees.

No. 06-4209

District of Utah

(D.C. No. 2:06-CV-376-TC)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Spencer Moss, a California state prisoner proceeding pro se and *in forma pauperis*, appeals from the district court's dismissal of his civil rights action brought under 42 U.S.C. § 1983 for improper venue. Mr. Moss claims that prison officials have seized and destroyed his legal papers and have blocked his access to the local district court. He also brings a series of motions asking this court to

_____

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

remedy his lack of access to the prison law library and to indigent prisoner mail service. The district court dismissed his action because it was "unable to find any reference whatsoever to Utah, let alone any allegation that Utah is home to any party, events, omissions or property possibly involved in this case." R. Vol. I, Doc. 12, at 1. On appeal, Mr. Moss argues that venue is proper because he is a resident of Utah and because prison officials violated his rights by seizing his property and mailing it to the Frank E. Moss Courthouse in Salt Lake City, Utah.

"[A] district court may . . . dismiss under § 1915 . . . for improper venue" regardless of whether the defendants raise the issue as an affirmative defense. *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). Since all of the defendants reside in California, venue is proper in Utah only if it is where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). The events giving rise to Mr. Moss's civil rights claim—the alleged wrongful seizures of his property and interference with his right of access to the courts—all occurred in California. Consequently, the District of Utah is not the proper venue to bring this action.

In his appellate brief, Mr. Moss argues for the first time that his property was sent to Utah. He did not raise this argument before the district court, and it is therefore waived.

Accordingly, the judgment of the United States District Court for the District of Utah is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge